[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 16, 2007
THOMAS K. KAHN
CLERK

No. 06-14818
Non-Argument Calendar

_____

D. C. Docket No. 06-00007-CR-T-24-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS AGUILAR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 16, 2007)**

Before WILSON, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Carlos Aguilar and a codefendant, Sarquiel Medina, were indicted on charges of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii), and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii).  In addition, Aguilar was charged with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c) and 2.  Aguilar pleaded guilty to all three counts, and was sentenced to 248 months' imprisonment.  On appeal, Aguilar argues that his sentence is unreasonable.  For the reasons set forth more fully below, we affirm.

Aguilar and Medina were arrested after a confidential source arranged a half-pound methamphetamine purchase with Medina.  A search of the vehicle in which Aguilar, Medina, and a juvenile were sitting uncovered a box containing 155.1 grams of methamphetamine and a 9mm semi automatic handgun.  Aguilar admitted that both the drugs and the firearm were his, and that he had more methamphetamine and another handgun in the room he rented.  A subsequent search of Aguilar's room uncovered 19.6 grams of methamphetamine mixture and a .44 Magnum handgun.

On the drug charges, the probation officer calculated a Guideline

imprisonment range of 210-262 months' imprisonment based on a total offense level of 33 and a criminal history category of V. The probation officer included a two-level enhancement for using a minor to commit a crime under U.S.S.G. § 3B1.4, based on the fact that the juvenile, a 17-year-old male, accompanied Aguilar and Medina to the transaction and stated that Aguilar asked him to act as a back-up. Aguilar's firearm conviction carried a statutory minimum five-year consecutive sentence.

The district court granted a downward departure to a criminal history category of IV, reducing Aguilar's advisory Guideline range to 188-235 months' imprisonment on the drug charges. Considering the § 3553(a) factors, the district court found no reason to impose a sentence outside the advisory Guideline range. The court, which previously noted that: (1) codefendant Medina was not held accountable for the firearm or the recruitment of a juvenile; (2) Medina had a lower criminal history category; and (3) the government filed a § 5K1.1 motion for substantial assistance on Medina's behalf, found "a difference" in its reasons for Medina's sentence. It further stated that Aguilar had a gun and that there was a large quantity of methamphetamine, but concluded that it would impose a sentence at the low end of the Guideline range based on Aguilar's admissions and cooperation. The district court sentenced Aguilar to two concurrent 188-month

sentences on the drug charges followed by 60 months' imprisonment on the firearms charge, for a total sentence of 248 months' imprisonment.

On appeal, Aguilar challenges the reasonableness of his sentence, arguing that, in light of the facts and circumstances of this case, the court's failure to impose a sentence below the Guideline range was error. Specifically, Aguilar points to: (1) his participation in the offense only as the supplier; (2) lack of evidence of his involvement in any such drug deals prior to his arrest; (3) mitigating circumstances surrounding the minor's role based on the minor's age, 17 years, and minimal role in the crime; (4) his drug addiction; (5) the lack of violent or drug dealing crimes in his adult criminal history; (6) his age, 24 years; (7) the likelihood of his deportation; and (8) the disparate sentence received by his codefendant.

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). When evaluating the reasonableness of a sentence, we consider the factors outlined in 18 U.S.C. § 3553(a) and the district court's reasons for imposing the particular sentence. United States v. Williams, 456 F.3d 1353, 1360-61 (11th Cir. 2006), pet. for cert. filed, (U.S. Oct. 19, 2006) (No. 06-7352). When imposing a sentence, the district court must first correctly calculate the Guidelines. United

4

States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Second, the district court

must consider the following factors to determine a reasonable sentence:

(1) the nature and circumstances of the offense and the history and
characteristics of the defendant; (2) the need to reflect the seriousness
of the offense, to promote respect for the law, and to provide just
punishment for the offense; (3) the need for deterrence; (4) the need to
protect the public; (5) the need to provide the defendant with needed
educational or vocational training or medical care; (6) the kinds of
sentences available; (7) the Sentencing Guidelines range; (8) pertinent
policy statements of the Sentencing Commission; (9) the need to
avoid unwanted sentencing disparities; and (10) the need to provide
restitution to victims.

Id.

"[T]here is a range of reasonable sentences from which the district court may

choose" and the burden of establishing that the sentence is unreasonable in light of

the record and the § 3553(a) factors lies with the party challenging the sentence.

Id. at 788. "The weight to be accorded any given § 3553(a) factor is a matter

committed to the sound discretion of the district court[,]" and we will not

"substitute our judgment in weighing the relevant factors because our review is not

de novo." Williams, 456 F.3d at 1363 (citation, quotation marks, and alteration

omitted) (emphasis added). Although a sentence within the Guidelines range is not

per se reasonable, the use of the Guidelines remains central to the sentencing

process and we ordinarily expect a sentence within the Guidelines range to be

reasonable. Talley, 431 F.3d at 787-88. However, the district court's choice of a

sentence is not unfettered. <u>Williams</u>, 456 F.3d at 1363. "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." <u>Id.</u>

Aguilar received the statutory minimum consecutive sentence on the firearms charge. <u>See</u> 18 U.S.C. § 924(c)(1). His 188-month sentences on the drug charges were at the low end of the Guideline range the court calculated after granting a downward departure and were well below the statutory maximum term of life imprisonment. <u>See</u> 21 U.S.C. § 841(b)(1)(A)(viii). The district court's comments reflect that it recognized that Aguilar's codefendant was sentenced under different circumstances. The court stated that it considered the § 3553(a) factors, and specifically discussed the firearm, the large amount of methamphetamine, and Aguilar's admissions and cooperation. Neither the district court's reasoning nor the § 3553(a) factors warrant a conclusion that Aguilar's sentence is unreasonable. In light of the foregoing, Aguilar's sentences are

**AFFIRMED.**